Lin v. Holder

BIA
Hom, IJ
A087 443 580

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand thirteen.

PRESENT:
      ROBERT A. KATZMANN,
      DEBRA ANN LIVINGSTON,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

JIN LIN,
      *Petitioner,*

      v.                         12-96
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Gerald Karikari, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Jin Lin, a native and citizen of China, seeks review of a December 14, 2011 order of the BIA affirming the June 23, 2010 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Lin*, No. A087 443 580 (B.I.A. Dec. 14, 2011), *aff'g* No. A087 443 580 (Immig. Ct. N.Y. City June 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because the BIA assumed that Lin's application was timely, we do not reach the IJ's finding as to the applicability of the filing deadline in 8 U.S.C. § 1158(a)(2)(B).

2

For applications such as Lin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

Although we "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling," *Xiu Xia Lin*, 534 F.3d at 167, the IJ's adverse credibility determination here is not supported by substantial evidence, as it is based on mischaracterizations of the record, *see Tian-Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004).

The IJ based his credibility finding solely on two purported inconsistencies in Lin's testimony: (1) inconsistent testimony regarding the "diagnosis" of a childhood injury that Lin sustained, which partially

3

motivated him to take up the practice of Falun Gong; and (2) Lin's testimony that he had seen a doctor after being beaten in police custody, followed by his testimony that he had not seen a doctor and had merely purchased medicine to treat his own wounds.  First, the precise diagnosis or nature of Lin's childhood injury was never raised during his testimony, as neither party nor the IJ asked Lin about this topic, and thus, the IJ's finding that Lin testified inconsistently about his injury is without support in the record.  Such a finding is the result of flawed fact-finding and does not "bear a legitimate nexus to the [IJ's credibility] finding."  *Xiu Xia Lin*, 534 F.3d at 166; *see Singh v. Mukasey*, 553 F.3d 207, 213 (2d Cir. 2009).

Furthermore, as to the purported inconsistency in Lin's testimony regarding whether he saw a doctor upon his release from police custody, the complete record supports Lin's contention that he was briefly confused about the government's question, and immediately clarified his testimony when the confusion was resolved.  While Lin did at one point state that he saw a doctor upon release from detention, the context of Lin's entire direct and cross examination, which is marked by other moments of

4

miscommunication between Lin and the government, suggests that Lin could have been referring to his visits to a doctor years before for his childhood injury. Upon clarifying questions from the government, Lin explained this reference and testified, consistently with previous and later testimony, that after his release from detention he purchased ointment with which he treated his own wounds. *See Tian-Yong Chen*, 359 F.3d at 129; *Dong Gao v. BIA*, 482 F.3d 122, 128-34 (2d Cir. 2007) (purported inconsistencies which actually resulted from confusion during questioning, and which were followed by consistent testimony, were improper basis for adverse credibility determination).

Given the ambiguity in the record on this point, Lin's purported inconsistency regarding seeing a doctor upon release from custody, standing alone, does not constitute substantial evidence to support the IJ's adverse credibility determination. But the IJ's credibility determination relied on this purported inconsistency, in conjunction solely with the inconsistency finding regarding Lin's childhood injury—an inconsistency finding clearly not supported by the record. In such circumstances, we must conclude that there is a realistic possibility that, absent the IJ's errors, the IJ or BIA might have reached a

5

different conclusion. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). We therefore remand for further proceedings regarding Lin's eligibility for asylum or withholding of removal under 8 U.S.C. § 1231(b)(3).

If upon remand Lin is found to be credible as to his practice of Falun Gong in China or the United States, the agency should address his claim that there is a "pattern or practice" of persecution of Falun Gong practitioners in China, to the extent that reaching this claim is necessary to resolve his eligibility for asylum or withholding of removal. *See* 8 C.F.R. § 1208.13(b)(2)(iii). Finally, because Lin fails to argue sufficiently that he is entitled to protection under the CAT, his petition is denied as to CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in

6

accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk